■ Smith Packing Company, Inc., Respondent, v Quality Pork International, Inc., Appellant.—Order unanimously reversed on the law with costs, motion granted and complaint dismissed. Memorandum: Defendant moved to dismiss on the ground of lack of personal jurisdiction (CPLR 3211 [a] [8]). The principal issue raised, however, was whether the oral agreement entered into between the parties was enforceable under the Statute of Frauds (UCC 2-201 [1]). We hold that it was not. The sole basis for jurisdiction was an alleged oral agreement between plaintiff, a New York corporation, and defendant, a Nebraska corporation, for the sale of goods in New York (CPLR 302 [a] [1]). Since the alleged agreement was oral and was for the sale of goods over $500, it was unenforceable unless the purchase order between the State of New York and plaintiff, which plaintiff sent to defendant, satisfied the "merchant's exception" (UCC 2-201 [2]) to the Statute of Frauds. The merchant's exception permits enforcement of oral contracts "[b]etween merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents" (UCC 2-201 [2]). Further, whether documents constitute confirmatory writings "must be determined from the documents themselves, as a matter of law" *(Bazak Intl. Corp. v Mast Indus.,* 73 NY2d 113, 118).

Here, the plaintiff's alleged confirmatory writings do not indicate a contract between plaintiff and defendant but, rather, between plaintiff and the State of New York. Thus, they do not satisfy the requirement for a confirmatory writing *(see,* 2 Anderson, Uniform Commercial Code, at 77-78 [3d ed 1982]). Further, those writings were not "sufficient against the sender" because they were not signed by the sender (1 White and Summers, Uniform Commercial Code § 2-5, at 86 [3d ed 1988]).

In reviewing the adequacy of these writings, we also note that the writings, except for the notation that they were sent to defendant, fail to make any reference to an agreement with defendant corporation. Further, plaintiff acknowledges that the prices listed on these purchase orders differ from the ones allegedly quoted by defendant. Additionally, the notation on the purchase orders "CONFIRMED * * * WITH Laura Lee" does

not make them confirmatory writings because they fail to identify who Laura Lee is, let alone establish that she was defendant's agent. Parol evidence may not be considered in determining whether Laura Lee was defendant's agent or to explain otherwise these writings *(see, Bazak Intl. Corp. v Mast Indus., supra).*

Given those facts, the writings were insufficient to indicate the confirmation of a preexisting agreement to satisfy the requirements of UCC 2-201 (2) *(cf., Bazak Intl. Corp. v Mast Indus., supra,* at 123-124). Defendant's motion to dismiss should therefore have been granted. (Appeal from order of Supreme Court, Oneida County, Tenney, J.—dismiss complaint.) Present—Denman, J. P., Green, Lawton and Davis, JJ.