■ KSW MECHANICAL CONTRACTORS, INC., Respondent-Appellant, v ECO-CARE CORPORATION, Respondent, and GAY-

LORD EAST CORP., Appellant-Respondent. [686 NYS2d 868] —In an action, *inter alia*, to recover damages for breach of contract, (1) the defendant Gaylord East Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Milano, J.), entered March 5, 1998, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and (2) the plaintiff cross-appeals, as limited by its brief, from so much of the same order as granted the motion of the defendant Eco-Care Corporation for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified by deleting the provision thereof denying the motion of the defendant Gaylord East Corp. for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision granting that motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the plaintiff to the defendant Gaylord East Corp.

Under UCC 2-201 (1), a contract for the sale of goods in excess of $500 is unenforceable "unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought". Here, the purported contract between the plaintiff and the defendants was not signed by anyone on behalf of either defendant. In addition, none of the subsequent writings which passed between the parties demonstrated confirmation of the alleged contract in accordance with UCC 2-201 (2). Accordingly, Gaylord East Corp. was entitled to summary judgment dismissing the complaint insofar as asserted against it on the basis that the alleged contract did not comply with the Statute of Frauds (*see, UCC-201; Smith Packing Co. v Quality Pork Intl.,* 167 AD2d 875; *see also, Bazak Intl. Corp. v Mast Indus.,* 73 NY2d 113).

The parties' remaining contentions are without merit. Bracken, J. P., Santucci, Friedmann and Florio, JJ., concur.